## CHRISTOPHER L. PLUNKETT, P.C.

*Attorneys at Law*

The Prince Building
265 Essex Street, Suite 201
Salem, Massachusetts 01970

MAGISTRATE JUDGE

OCT 22 2004

UNITED STATES DISTRICT COURT
BOSTON, MASSACHUSETTS

Christopher L. Plunkett
Laura L. Deorocki*
Eric J. Gyllenborg
*also admitted in NH

Telephone: (978) 744-2555
Facsimile: (978) 744-5577
clp@clplunkett.com
lld@clplunkett.com
ejg@clplunkett.com

## ATTORNEY'S CERTIFICATE OF TITLE

PROPERTY:                          **1184 Hyde Park Avenue, Hyde Park, Suffolk County, Massachusetts**

CERTIFICATION DATE AND TIME:    **October 20, 2004**

TO:                                **Anthony M. Cardinale, Esquire**

It is the opinion of this office that the title to real property referred to above and on Exhibit "A" attached hereto was clear and sufficient of record as of the Certification Date and Time set forth above, except for the following:

1.  Those encumbrances referred to in Massachusetts General Laws, Chapter 185, Section 46, whether or not title to the Property is registered, if record notice of such encumbrance is not recorded or filed with the Registry;

2.  Real Estate taxes and other municipal liens, including but not limited to liens under Mass General Laws Chapter 164, Sec. 58B;

3.  Any encroachments, overlaps, boundary line disputes or other state of physical facts which may be revealed by a personal inspection or accurate survey of the Property;

4.  Easements, or claims of easements, not shown by the public records;

5.  Any lien, or right to a lien for services, labor or material heretofore or hereafter furnished, imposed by law and not shown by the public records;

6.  Any statute, Court decision, law, ordinance, by law, or regulation ("Laws") affecting, restricting, prohibiting, or otherwise regulating the occupancy, use or enjoyment of the Property, the character, dimensions, or location of any present or future improvement now existing or hereafter planned for the Property, or a separation in ownership or change in the dimensions or area of the Property (including, without limiting the generality of the foregoing, Zoning Laws, Building Codes, Wetlands Protection Laws, Subdivision Control Laws, Lead Based Materials Laws, Health Laws, Sewage Disposal Laws, Environmental Laws, Historic Districts, and Pollution Control Laws; and

Christopher L. Plunkett, P.C.
Attorney's Certificate of Title
Page 2

7.   The presence or absence of any materials and/or any liens, procedures or liabilities established or governed by or subject to jurisdiction pursuant to:

   (i)    The Massachusetts Oil and Hazardous Materials Release Prevention and Response Act (Massachusetts General Laws, Chapter 21E).

   (ii)   The Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") 42 USC Sec's 9601-9675 and/or;

   (iii)  Other Environmental Laws, Rules or Regulations.

8.   Forgeries, interests of missing heirs, probates, unauthorized execution of documentation, documents or instruments executed under duress, county or state agency (including Registry of Deeds) filing and indexing errors.

9.   Matters prior to the commencement of the period of title search described below.

10.  Together with the benefit of and subject to those matters set forth on and referred to on Exhibit A, attached hereto and made a part hereof, insofar as applicable to the property.

11.  Subject to a mortgage from Paul DiSangro and Loretta T. DiSangro to Beneficial Investors Group, Inc. dated March 11, 1977 in the original principal amount of $64,500.00 and recorded with Suffolk County Registry of Deeds in Book 8940, Page 100.

12.  Subject to a Notice of Lease dated June 23, 1992 and recorded with said Deeds in Book 20495, Page 80, insofar as same is in force and effect.

Except as set forth on Exhibit A, the title examination covers a period of at least fifty years with the earliest instrument a warranty or quitclaim deed which does not suggest a defect in title. The period of title search and the Certification is further based upon and consistent with that set forth in "Title Standards adopted by the Massachusetts Conveyancers Association" as constituted at the time of this certification.

Christopher L. Plunkett, P.C.
Attorney's Certificate of Title
Page 3

This Certification of Title shall be limited in its use to the particular transaction and does not extend to any other conveyance, mortgage or other transactions.

Very truly yours,

CHRISTOPHER L. PLUNKETT, P.C.

BY: _____
Christopher L. Plunkett

(f:\wpdocs\jmm\docs\hydepark)

Christopher L. Plunkett, P.C.
Attorney's Certificate of Title
Page 4

## EXHIBIT A

A certain parcel of land with the buildings thereon, situated in that part of Boston called Hyde Park, Suffolk County, Commonwealth of Massachusetts, comprising the whole or greater part of Lot 126, shown on plan entitled "Section 1 of the Real Estate and Building Companies land in Dorchester" recorded as Plan No. 87 on the files of Norfolk Registry of Deeds, said parcel being bounded according to said plan as follows:

SOUTHERLY:     On Clay Street, Ninety (90) feet;

WESTERLY:     On Hyde Park Avenue, formerly known as Lawrence Street, One Hundred (100) feet;

NORTHERLY:     On Lot 125 on said plan, Ninety (90) feet, and

EASTERLY:     On Lot 124 on said plan, One Hundred (100) feet.

Containing Nine Thousand (9,000.00) square feet of land by any and all of said measurements on contents more or less or however otherwise said premises may be bounded, measured or described.

For title, see Deed recorded with said Deeds in Book 18158, Page 318.

This certification is limited to time subsequent to July 3, 1946. Title prior to such date has not been examined.

1 1 1 5 8 3 1 8    MASSACHUSETTS QUITCLAIM DEED SHORT FORM (INDIVIDUAL) 801    225

We, PAUL DISANGRO and LORETTA T. DISANGRO, as tenants by the entirety,

of    Boston (Roslindale)      Suffolk     County, Massachusetts,

~~being unmarried,~~ for consideration paid, and in full consideration of less than One Hundred ($100.00) Dollars

grant to    DANIEL J. DISANGRO and JOANNE J. DISANGRO, as joint tenants
and not tenants in common,
of    Boston (Roslindale), Suffolk County,      with quitclaim covenants

~~with~~ A certain parcel of land with the buildings thereon, situated
in that part of Boston called Hyde Park, Suffolk County, Commonwealth of
Massachusetts, *[Description and encumbrances, if any]* comprising the whole or
greater part of Lot 126, shown on plan entitled "Section 1 of the Real
Estate and Building Companies land in Dorchester" recorded as Plan No. 87
on the files of Norfolk Registry of Deeds, said parcel being bounded
according to said plan as follows:

SOUTHERLY:      On Clay Street, Ninety (90) feet;

WESTERLY:      On Hyde Park Avenue, formerly known as Lawrence
             Street, One Hundred (100) feet;

NORTHERLY:      On Lot 125 on said plan, Ninety (90) feet, and

EASTERLY:      On lot 124 on said plan, One Hundred (100) feet.

Containing Nine Thousand (9,000.00) square feet of land by any or all
of said measurements on contents more or less or however otherwise said
premises may be bounded, measured or described.

Being the same premises conveyed to us by deed of Edward H. Goss and
Paul DiSangro, dated September 26, 1969, recorded with Suffolk Deeds,
Book 8314, Page 393.

~~Witness~~ our ..... han ..d s    and seal s this ...14th... day of ...April... 1993.

....................................    *Paul DiSangro*
     Paul DiSangro

....................................    *Loretta T. DiSangro*
     Loretta T. DiSangro

The Commonwealth of Massachusetts

SUFFOLK.      ss.      April 14      1993

Then personally appeared the above named    LLRETTA T. DISANGRO:

and acknowledged the foregoing instrument to be    free act and deed before me

Bottom T:

*Richard C. Cocullo*
Notary Public — Justice of the Peace

My commission expires N 12-41      1998

(*Individual — Joint Tenants — Tenants in Common.)

CH AFTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969

Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of the grantee
and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not delivered
for a specific monetary sum. The full consideration shall mean the actual price for the conveyance without deduction for any liens or
encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of the deed.
Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for recording unless
it is in compliance with the requirements of this section.

DISANGRO, GRANTEE'S ADDRESS: 40 St. Edwards Road, Boston, MA
DISANGRO, GRANTEE'S ADDRESS: 46 Neponset Avenue, Roslindale, MA

JOANNE J.
DANIEL J.

9

8940 100

# Know all men by these presents

that    we, PAUL    DISANGRO and LORETTA T. DISANGRO, husband and wife, both

of    Boston, (Hyde Park)      Suffolk      County, Massachusetts
hereinafter called the MORTGAGOR
being martgaged, for consideration paid, grant to BENEFICIAL INVESTORS GROUP, INC.
a Massachusetts corporation having an usual place of business
located at Norwood, Norfolk County, Massachusetts

ME

hereinafter called the Mortgagee
with mortgage covenants, to secure the payment of Sixty-Four Thousand Five Hundred
(\$64,500.00) Dollars payable in four (4) years from date hereof
together with interest in the amount of \$26,445.12 by forty-
eight (48) equal consecutive monthly payments in the amount of
\$1,894.69, commencing one (1) month from date hereof, all
payments to be applied first to interest then due and the
balance to principal, all as provided in one (1) note of even
date, and also to secure the performance of all agreements and
conditions herein contained.

Two certain parcels of land together with the buildings thereon
bounded and described as follows:

## PARCEL 1

A certain parcel of land with the buildings thereon situated in that
part of Boston called Hyde Park, Suffolk County, Commonwealth of
Massachusetts, comprising the whole or greater part of Lot 126 shown
on plan entitled "Section 1 of the Real Estate and Building Companies
land in Dorchester" recorded as Plan No. 87 on the files of Norfolk
Registry of Deeds, said parcel being bounded according to said plan
as follows:

SOUTHERLY    on Clay Street, ninety (90) feet;
WESTERLY    on Hyde Park Avenue, formerly known as Lawrence Street,
     one hundred (100) feet;
NORTHERLY    on Lot 125 on said plan, ninety (90) feet; and
EASTERLY    on Lot 124 on said plan, one hundred (100) feet.
Containing 9,000 square feet of land by any or all of said measurements
or contents more or less or however otherwise said premises may be
bounded, measured or described.

Being the same premises conveyed by deed of Edward E. Goss and Paul
DiSangro to Paul DiSangro and Loretta T. DiSangro, dated September 26,
1969 recorded with Suffolk Registry of Deeds in Book 8314 Page 393.

## PARCEL 2

A certain parcel of land together with the buildings thereon being
shown as Lot 15 Section B on a plan entitled "Seacoast Shores" A-
B-C-D dated May 7, 1947 drawn by Frederick G. Hahn, Surveyor, filed
with Barnstable Registry of Deeds in Plan Book 75 Page 13 to which
plan reference is herewith made for a more particular description.
Situated in Falmouth, Mass.
Said parcel was conveyed subject to all together with the benefit of
easements, restrictions, reservations, rights of way, beach rights,
and encumbrances of record insofar as the same may now be inforce
and applicable. For title see deed to grantors of Joseph M. Joubert
dated September 21, 1970 recorded with Barnstable Registry of Deeds
Book 1485 Page 1150.

10

8940 102

This Mortgage is upon the Statutory Condition and is also upon the other conditions herein contained which shall be binding on the Mortgagor and those claiming under him — ☐ ☐☐ — ☐.

The Mortgagor shall keep the buildings now or hereafter standing on said premises insured against loss by fire and against other casualties and contingencies when required by the holder hereof in a sum and in a company or companies satisfactory from time to time to the Holder of this mortgage, all such insurance to be for the benefit of and first payable in case of loss to such Holders.

The Mortgagor will keep all and singular the said premises in such repair, order and condition as the same are now in, or may be put in while this mortgage is outstanding. The Mortgagor shall not permit or suffer any violation of any law or ordinance affecting the mortgaged premises.

In case the Mortgagor's lien on this mortgage is not exempt from the State tax, said Mortgagor shall on demand pay said Mortgagee the same percentage of the debt secured hereby as the Mortgagee shall from time to time be required to pay as such State tax. The Mortgagor shall pay all taxes, assessments and governmental charges to whomsoever laid or assessed on the granted premises or upon any interest therein or on the debt secured thereby, not later than the first day of November of the year of the assessment of such tax or governmental charges, or prior to the date on which such taxes and other governmental charges can be paid without penalty, whichever date first occurs.

If the debt hereby secured shall not be paid when due the Holder hereof shall be entitled to thirty days' notice in writing before payment, unless foreclosure proceedings have been begun. If any default in any condition of this Mortgage, or of any prior mortgage on the granted premises shall exist for more than thirty days, the entire debt shall become due and payable at the option of the Holder hereof. If foreclosure proceedings have been begun hereunder the Holder hereof shall be entitled to collect all costs and expenses incurred up to the time of payment. In case of a foreclosure sale the Holder thereof shall be entitled to retain one per centum of the purchase money in addition to all costs, attorneys' fees, charges and expenses.

For any breach of the aforesaid Statutory Condition or of any of the aforesaid other Conditions, the Mortgagee shall have the Statutory Power of Sale, and that a sale of any sale, under the foregoing power the Mortgagee as attorney, irrevocable of the undersigned or procure, may transfer forthwith to the purchaser or purchasers without shall on the part of the grantor for consideration therefor, the insurance policies then held and all losses to which the mortgaged premises shall be subject at the date of the foreclosure sale. It is also agreed that this Mortgage is security for the payment of the aforesaid obligation and all other direct and contingent liabilities of the Mortgagor hereof to the Holder hereof due or to become due whether now existing or hereafter contracted.

WITNESS our hands and seals this     11th     day of     March     19 77

*[signatures]*

The Commonwealth of Massachusetts

Norfolk,     ss     March 11, 19 77

Then personally appeared the above-named     Paul     DiSangro and Loretta T. DiSangro

and acknowledged the foregoing instrument to be     their     free act and deed,

Before me,     *[signature]*
George M. Rubey     Notary Public
My commission expires June 26, 1981.

Mar. 15, 1977 at 9 o'clock & 34 mins. A.M.     rec'd ent'd & exam'd — 32

2 0 4 9 5 0 8 0

435

## NOTICE OF LEASE

In accordance with Massachusetts General Laws, Chapter 183, Section 4, Notice is hereby given of the existence of a certain Lease affecting real estate at 1184-1186 Hyde Park Avenue, Hyde Park, Boston, Massachusetts, as follows:

**Owner/Lessor:** Loretta T. DiSangro and Paul R. DiSangro, of 46 Neponset Avenue, Hyde Park.

**Description:** The pub, restaurant, offices and storerooms known and numbered as 1184-1186 Hyde Park Avenue.

**Term:** Original term from November 1, 1991 to October 31, 1996 with one option to renew from November 1, 1996 to October 31, 2001. Lease was also amended on May 26, 1992 to provide to the Lessee a limited right of first refusal to purchase leased premises.

**Lessee:** Hyde Park Pub, Inc. 1184-1186 Hyde Park Avenue, Hyde Park MA 02136.

**Amendments And Assignments:** Rights and obligations of Lessee have been assigned to and assumed by WPK Management, Inc., of 1184-1186 Hyde Park Avenue, Hyde Park, MA 02136 by instrument dated May 26, 1992.

Witness Our Hands and Seals this 23rd day of June, 1992.

Loretta T. DiSangro,
Lessor

Paul DiSangro

WPK   Management,   Inc.,
Lessee/Assignee by
William P. Kilroy, President

### COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                        June 23, 1992

The personally appeared the above named Loretta T. DiSangro, Lessor, and William P. Kilroy, President of WPK Management, Inc., Lessee and acknowledged the foregoing to be their free act and deed, before me,

Notary Public
My Commission Expires: 9/26/97

K+M
20 Custom House St
Boston MA 0210